## Palmerton Area School District Petition

*Roger N. Nanovic*, for petitioners.

HEIMBACH, P. J., October 25, 1966.—We have before us the petition of the School Directors of the Palmerton Area School District seeking an approval of its

unanimously adopted plan to divide the school district into three regions, so that each region would have equal representation on the board of school directors.

Presently, there are nine election districts located in the Palmerton Area School District. The proposed division follows:

Region No. 1—election district 48

Region No. 2—election districts 47 and 49

Region No. 3—election districts 6, 31, 32, 33, 56 and 57

Regions numbers 1 and 2 are located within the borough limits of Palmerton; region 3 comprises the borough of Bowmanstown and the townships of Towamensing and Lower Towamensing.

The Act of August 8, 1963, P. L. 564, sec. 4, governing the instant proceeding, inter alia, provides:

"(a) In each school district of the second class, and on and after July 1, 1966, or if there is advance establishment July 1, 1964, or July 1, 1965, as the case may be, in each school district of the second, third and fourth class, there shall be a board of nine (9) school directors, who, except as otherwise provided in this act, shall be elected at large, for terms of six (6) years. The terms of three of the members shall expire on the first Monday of December of each odd numbered year, as now provided by law. At each municipal election, three school directors, except as otherwise provided in this act, shall be elected at large for terms of six (6) years. Their terms of office shall begin on the first Monday of December following their election.

"(b) The interim operating committee or after the date of establishment the board of school directors of a newly established school district, may, if it so chooses, develop a plan to divide the school district into either three or nine regions. The boundaries of the regions shall be fixed and established in such manner that the population of each region shall be as nearly equal as

possible and shall be compatible with the boundaries of election districts. Such plan for the division of the school district shall be submitted for approval to the court of quarter sessions. If approved by such court, the clerk thereof shall certify the regional boundaries contained therein to the county board of elections. In the event of any division, redivision, alteration, change or consolidation of election districts which renders regional boundaries incompatible with the boundaries of election districts, a new plan shall be developed and submitted for court approval in like manner. Any proposed change in an approved plan, including abolition of regional representation, shall be submitted for approval to the court of quarter sessions by the board of school directors. Where a three region plan is approved, three school directors who reside in each region shall be elected or appointed as hereinafter provided by and from each region and at all times each region shall be represented by three directors elected or appointed as hereinafter provided from that region. Where a nine region plan is approved, one school director who resides in each region shall be elected or appointed as hereinafter provided by and from each region and at all times each region shall be represented by a director elected or appointed as hereinafter provided from that region".

It is apparent that we may only grant petitioner's prayer if the boundaries of the regions shall be fixed and established in such manner that the population of each region shall be as nearly equal as possible and shall be compatible with the boundaries of election districts. Since the proposed regions do not in any manner alter the boundaries of any election district, it follows they are compatible.

Regions 1 and 2, as stated, are within the confines of the borough of Palmerton. The population of the borough of Palmerton, according to the 1960 census,

is 5,942. There is no reason to believe there has been a material change in the population.

Petitioner states population figures for the individual election districts in the borough of Palmerton are not available, since the population census was taken for the borough as a whole. As an alternate, it sets forth the number of registered voters in each of the two proopsed regions, viz.: district 48—1,658; districts 47 and 49—1,598. Since the above districts are all the election districts in the borough of Palmerton, assuming a relationship or correlation between registered voters and population, the population of district 48 would be about equal to the population in the remaining two districts, viz., 47 and 49, or, 2,971 in district 48 and 2,971 in districts 47 and 49.

The population of region 3 is 4,298, broken down as follows:

Borough of Bowmanstown (district 6)—888

Township of Lower Towamensing (districts 31, 32, 33)—2,414

Township of Towamensing (districts 56, 57)—996

The number of registered voters is 1,642.

Unfortunately for petitioner, an almost equal number of registered voters in each of the proposed regions does not meet the mandate of the statute, which provides that the *population* in each region must be as nearly equal as possible.

Each of the regions in the borough of Palmerton, on the basis of our assumption, would have a population of 2,971, while region 3 would have a population of 4,298, a minimum difference of 1,327. Obviously, if our population assumption in district 48 and districts 47 and 49 is correct, as is likely the case, the difference between region 3 and at least one of the other regions would be greater. The inequality of such a division becomes glaring when the following would result:

Three directors would represent 2,971 people in

district 48, and the same number in districts 47 and 49, or, one director for every 990 persons. In Region no. 3, three directors would represent 4,298 people, or, one director for every 1,432 persons. The inequality is further apparent when it is pointed out that voters of the borough of Palmerton will elect six directors out of the nine to be elected.

The plan neither meets the requirements of the Act of Assembly nor the requirements of the Equal Protection Clause of the Constitution of the United States. What was said by Judge Davis in Pitts v. Kunsman, 251 F. Supp. 962, is apposite, viz:

"The Court must first of all determine whether or not the Pennsylvania statute requires the election of directors at large or from the various old districts or from regions to be established in order to determine whether the Equal Protection Clause of the Constitution has been violated. There can be no doubt that if at large representation is contemplated, all the representatives may come from one of the old school districts at least for constitutional purposes. In that case, they are not representing their particular area but the unit as a whole, and the vote of each elector would have the same weight as the vote of every other elector regardless of where he resides within the new administrative unit. It is only when the representatives are elected from individual districts that the constitutional mandate of 'one man-one vote' comes into operation. Under the Fourteenth Amendment each district must then have relatively the same population so as to obtain as nearly as possible equal weight for the franchise of each citizen. See Reynolds v. Sims, 377 U. S. 533 (1964); . . . Gray v. Sanders, 372 U. S. 368 (1963); . . . Baker v. Carr, 369 U. S. 186 (1962); . . . Delozier v. Tyrone Area School Board, 247 F. Supp. 30 (W. D. Pa. 1965)".

Wherefore, we enter the following

ORDER

Petition to divide the Palmerton Area School District in accordance with plan set forth in such petition is denied. Costs on petitioner.